GUTBRO HOLDING COMPANY (FORMERLY HUTNER HOLDING COMPANY), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106123.   Promulgated July 22, 1942.

*Herbert S. Greenberg, Esq.*, and *Maxwell Shmerler, C. P. A.*, for the petitioner.

*J. R. Johnston, Esq.*, for the respondent.

OPINION.

LEECH: The principal issue is whether the receipt of the assets of a wholly owned subsidiary, taken over by the petitioner pursuant to an "Agreement of Merger and Consolidation", resulted in taxable gain to the petitioner in that year. The petitioner contends that the transaction was a statutory merger or consolidation under the New Jersey statutes (New Jersey St. Ann., title 14, ch. 12) and falls within the nonrecognition provisions of section 112 of the Revenue Act of 1934. The respondent answers that the transfer did not come within that section and that petitioner is taxable on the receipt of a distribution in liquidation of a corporation, under section 115 (c) of that act.

We agree with petitioner that the present transaction was a statutory merger or consolidation under the laws of New Jersey, but we do not think that it fell within the nonrecognition provisions of section 112. Section 112 (a) requires that gain from a sale or exchange be recognized unless excluded by one or more of the other provisions of section 112. Section 112 (g) defines a reorganization. A "statutory merger or consolidation" is there included as such. But other trans-

actions were also contained in that definition. And, that it was a reorganization within that definition does not alone render the transaction nontaxable under section 112. See *National Bank of Commerce of Seattle*, 40 B. T. A. 72; affd., 115 Fed. (2d) 875. Obviously Congress would not have included statutory mergers or consolidations within the definition of a reorganization without qualification if it had not meant that, as with other forms of reorganizations, the transaction pursuant thereto should be nontaxable only when it otherwise fell within one or more of the nonrecognition provisions of section 112.

The petitioner, however, relies on sections 112 (b) (3) and (4) as those within one or both of which the instant transaction falls, thus characterizing it as nontaxable. Section 112 (b) (3) requires that there be an exchange of stock for stock pursuant to a plan of reorganization, and section 112 (b) (4), that there be an exchange of assets of one corporation for stock of another pursuant to a plan of reorganization. Here the assets of the subsidiary corporation were received by petitioner pursuant to a plan of reorganization and the stock of the former was thereupon canceled. Obviously, the requirements of neither of these subsections were met and its argument therefore falls. As stated in *Connecticut Power Co.*, 28 B. T. A. 38,

* * * the immunity from the recognition of gain is limited to the transactions which the statute expressly describes, and this is not such a transaction. * * * The care with which section 112 was drafted admonishes us to be no less careful in applying it according to its terms.

The petitioner cites *Anna V. Gilmore*, 44 B. T. A. 881 (on appeal, C. C. A., 3d Cir.), and *Winston Bros. Co.*, 29 B. T. A. 905; affd., 76 Fed. (2d) 381. True there were tax-free statutory mergers in both these cases, but, in addition, the exchanges involved in both cases fell within one of the nonrecognition provisions of section 112. They are therefore not controlling here.

The petitioner also contends that it is within section 112 (b) (3) and (4) on another ground. It argues "that as a result of the agreement of merger and consolidation a new corporation was created which in *effect* issued its stock to the subsidiary corporation and which stock was turned back to it as the owner of all of the stock of the subsidiary and which stock was then exchanged by the consolidated corporation with the stockholders of the old parent company." [Emphasis supplied.] We can not subscribe to this reasoning. Tax liabilities must be determined on the basis of what was actually done, not the effect of what was done. *United States* v. *Phellis*, 257 U. S. 156; *Remington Rand, Inc.* v. *Commissioner*, 33 Fed. (2d) 77.

We conclude that petitioner is not relieved from taxation of gain under section 112. *Trenton Oil Co.* v. *United States*, 41 Fed. Supp. 887; affd., 112 Fed. (2d) 1023.

Was petitioner in receipt of a distribution in liquidation within the intendment of section 115 (c) of the Revenue Act of 1934, upon the basis of which premise the contested deficiency was determined?

Petitioner insists that, since the assets of the subsidiary became those of the parent, petitioner, pursuant to a statutory merger or consolidation, there was no liquidation. It is said the terms are contradictory. We disagree. As the Board said in *Anna V. Gilmore, supra,* in its discussion of a transaction involving a statutory merger, "The practical effect of many cases of a merger or consolidation of corporations is the liquidation of one or all of them."

It is true that, where a statutory merger or consolidation occurs, it has been held that the assets, rights, and liabilities of the merged or consolidated companies pass by operation of law to the survivor. See *American Gas & Electric. Co.* v. *Commissioner,* 85 Fed. (2d) 527; *Connecticut Electric Service Co.,* 35 B. T. A. 444. But the application of that rule, as we have seen, does not affect the recognition of gain or loss on the transaction under section 112. Nor does it contradict the fact of liquidation. *Frelmort Realty Corporation,* 29 B. T. A. 181. Liquidation is a status. See *W. E. Guild,* 19 B. T. A. 1186. No reason is apparent why it can not result from the operation of law as well as otherwise. All of the assets of the subsidiary corporation did pass to the parent, petitioner, together with all its contractual rights and liabilities, in exchange for petitioner's stock in the parent. The stock was canceled. It filed its "Final Return" for Federal income and excess profits tax purposes. Petitioner took its name. The agreement of merger or consolidation which was carried out provided that the existence of the subsidiary should cease except in so far as its continued life was made necessary by statute or for the purposes of that agreement. Neither its continued existence nor any reason therefor is established. The record does not show that it was not dissolved. We think it was in fact liquidated. See *Ward M. Canaday, Inc.,* 29 B. T. A. 355; affd., 76 Fed. (2d) 278; certiorari denied, 296 U. S. 612; *Frelmort Realty Corporation, supra.*

Moreover, whether the acquisition of the assets of its subsidiary by the petitioner was taxable is not controlled by the law of New Jersey, under the jurisdiction of which the statutory merger or consolidation occurred. This must be resolved under the Federal law. *Frelmort Realty Corporation, supra.* Section 115 (c) of the Revenue Act of 1934 is determinative. That section, without qualification or limitation, requires that the recognized gain or loss to the distributee from a distribution in liquidation shall be computed under section 112. That section, we repeat, similarly categorically includes "a statutory merger or consolidation" within the definition of reorganization. In our opinion Congress thus clearly indicated that for Federal income tax purposes the present acquisition of the assets of its subsidiary by

petitioner in a statutory merger or consolidation was a distribution in liquidation under section 115 (c). Cf. *Anna V. Gilmore, supra*. The fact that petitioner received the assets of its subsidiary in connection with the statutory merger or consolidation is of no more significance in construing this section than it was in construing section 112. It follows under section 115 (c), *supra*, that, since petitioner is not relieved from tax by any of the nonrecognition provisions of section 112, it was taxable, as determined by respondent, under section 115 (c), *supra*. *Trenton Oil Co.* v. *United States, supra.*[1]

The petitioner also assigned error in respondent's determination of the cost or other basis of the assets transferred in the reorganization. No argument, however, appears on this point in its brief and there is no evidence in the record from which we might conclude error in this determination. We therefore affirm respondent on this issue also.

*Decision will be entered for the respondent.*

---

[1] This conclusion may be supported by the amendment of section 110 of the Revenue Act of 1935 amending section 112 (b) of the Revenue Act of 1934 by "adding after paragraph (5) a *new* paragraph * * *" entitled "Exchange in Liquidation" which clearly relieved a taxpayer in the situation of the petitioner from the recognition of taxable gain. [Emphasis supplied.]